UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANTONIO ALLEN SMITH ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 3:24-CV-P170-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| BULLIT CO CHFS, *et al.* ) | |
| ) | |
| ) | |
|     Defendants. ) | |

*** *** *** ***

Plaintiff Antonio Allen Smith filed the instant *pro se* action. [R. 1]. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff filed the complaint on a civil complaint form. [R. 1]. He sues Commonwealth Cabinet for Health and Family Services ("CHFS"), Bullitt County CHFS, CHFS Supervisor Whitney Kerns, CHFS/Department of Community Based Services ("DCBS") Social Worker/Investigator Jennifer Norris, and CHFS Social Worker Raina Kaissiah for deprivation of his due process rights in violation of the Fourteenth Amendment to the United States Constitution between February 22, 2022 and April 30, 2023. *Id.* at 1–5. He alleges that Defendants took his children "without following the code of law." [R. 1-1]. Plaintiff asserts that Defendant Kerns was the supervisor at the time of the events alleged in the complaint. [R. 1, p. 5]. Plaintiff maintains that Defendant Norris filed a petition on February 22, 2022 in the Bullitt Circuit Court for neglect or abuse of his minor children with an emergency custody order for placement of the minor children with CHFS. *Id.* at 6. Plaintiff alleges that Defendant Kaissiah knew about the petition

and had "spoken with a family member of the children to be place[d] with them." *Id.* at 7. Despite this information, Plaintiff contends that Defendant Kaissiah hid "the papers in [an] unknown desk at the office . . . to delay the process." *Id.* Plaintiff asserts that because of this conduct, his children were placed in foster care and suffered harm. *Id.* at 6. As relief, Plaintiff seeks compensatory damages.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Commonwealth CHFS and Bullitt County CHFS**

The Bullitt County CHFS is an agent of the Kentucky CHFS, which is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. Ann. § 211.015. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989);

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, the Court will dismiss the claims against the Commonwealth CHFS and Bullitt County CHFS for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky. "[A] state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated [the] states' immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017) (citation omitted); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Thus, CHFS is entitled to sovereign immunity on Plaintiff's § 1983 claims. *See Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15–CV–00476–JHM, 2016 WL 1241540, at *3 (W.D. Ky. Mar. 28, 2016) (citing *Hatfield v. Cabinet for Health & Family Servs.*, No. CIV. 5:13–222–KKC, 2014 WL 1246354, at *2 (E.D. Ky. Mar. 25, 2014) (claim against CHFS barred by Eleventh Amendment). Therefore, the Court will also dismiss the claims against the Commonwealth CHFS and Bullitt County CHFS for seeking monetary damages from a defendant who is immune from such relief.

### B. Defendant Kerns

Plaintiff asserts a constitutional claim against Defendant Kerns as the supervisor of the Bullitt County CHFS Office. [R. 1, p. 5]. However, the allegation against Defendant Kerns fails to state a claim. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability

will not be imposed solely upon the basis of respondeat superior."). Rather, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff's complaint fails to include specific factual allegations regarding any act or omission by Defendant Kerns. Accordingly, Plaintiff's claims against Defendant Kerns will be dismissed for failure to state a claim upon which relief may be granted.

### C. Defendants Norris and Kaissiah

Plaintiff also asserts claims against Defendants Norris and Kaissiah, who are social workers with CHFS or DCBS. Plaintiff alleges that Defendant Norris filed a petition on February 22, 2022, with the Bullitt Circuit Court "for neglect or abuse" recommending the placement of Plaintiff's minor children in foster care overlooking important facts. [R. 1, p. 6]. According to Plaintiff, Defendant Kaissiah was aware of the petition and had spoken with a relative of the minor children, but she did not recommend they be placed with that relative. *Id.* at 7. Although Plaintiff does not specify his exact claims against each Defendant, he appears to allege that their petition and/or recommendations to the Bullitt Circuit Court were incorrect or incomplete.

It is well established that "social workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty, and so are entitled to absolute immunity." *Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001). Furthermore, "the submission of an affidavit that triggers judicial child-removal proceedings is in fact an act of legal advocacy by social workers." *Bauch v. Richland Cnty.*, 733 F. App'x 292, 296 (6th Cir. 2018) (citing *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015)). "The Sixth Circuit has also repeatedly held that social workers are absolutely immune for actions that are 'intimately associated' with the judicial phase of proceedings relating to the welfare of the child." *Lunsford v. Kentucky Cabinet for Health*

*& Fam. Servs.*, No. CIV.A. 12-136-DLB, 2012 WL 2880577, at *6 (E.D. Ky. July 13, 2012) (citing *Rippy*, 270 F.3d at 422). This immunity would prohibit any claim against Defendants based upon their function of advising the court regarding the best interests of the children, "even if they were "incorrect in [their] assessment" or "made intentional misrepresentations in [their] report and recommendation." *Lunsford*, 2012 WL 2880577, *6 (citing *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011)); *see also Morgan v. Kentucky*, No. 3:23-CV-594-DJH, 2024 WL 2884568, at *3 (W.D. Ky. June 7, 2024).

Because Plaintiff's claims against Defendants Norris and Kaissiah are based on actions taken in Plaintiff's state-court child custody proceedings, Defendants Norris and Kaissiah are immune from suit, and these claims must also be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order dismissing this action for the reasons stated herein.

This the 26th day of February, 2025.

*[signature: Claria Horn Boom]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc:  Plaintiff, *pro se*
     Counsel of Record
A958.014